## CROOKS v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11824.   Decided Oct 5, 1931

L. S. Danaceau and H. E. Kohen, Cleveland, for Crooks.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

LEVINE, PJ.

It was the theory of plaintiff's case against the defendant, The Cleveland Railway Company, that The Cleveland Railway Company was guilty of negligence by reason of the fact that plaintiff was struck and injured by an east-bound automobile driven by the co-defendant, Mr. Sedgwick, on Prospect Avenue, after the plaintiff had

alighted from the east-bound motor coach at the intersection of East 40th and Prospect Ave., and had taken a "step or two" away from the motor coach when she was struck by Sedgwick's automobile.

As will be seen, the opening statement of counsel for plaintiff states that the motor coach stopped in the middle of Prospect Avenue at its intersection with East 40th Street; that the regular stop of the motor coach was about one hundred feet west of East 40th Street at the curb. The plaintiff contends that the railway company was negligent in failing to stop its motor coach at the regular coach stop; in failing to keep a lookout for vehicular traffic at its intersection; in opening the exit door of the motor coach without making reasonably certain whether approaching vehicles rendered the situation dangerous to passengers leaving the motor coach at that time and place, and in failing to warn plaintiff of such danger incident to her leaving the motor coach at the time and place.

The motion for non-suit on behalf of the railway company was based upon the ground that the opening statement of counsel showed that the relationship of passenger and carrier had terminated at the time the accident or injury to plaintiff occurred and that such being the case there was no liability for the happening of the accident to the plaintiff after she had alighted in safety on the street and had taken a "step or two" away from the motor coach in broad daylight and after she herself had made observation of the situation of traffic on Prospect Avenue before she alighted from the motor coach, even though the motor coach had stopped at the intersection of Prospect Avenue and East 40th Street in the middle of the street rather than at the regular motor coach stop at the curb, and approximately 100 feet west of East 40th Street.

In support of defendant's contention we are cited to the case of **Northern Ohio Traction & Light Company v Reining, Admr, 16 Oh Ap Rep 406,** as follows:

"1. A street car company owes to a passenger, while the relation of carrier and passenger exists, the highest degree of care, but such relationship and duty terminates when the passenger steps from the car upon the street. After discharging the passenger safely upon the street the company is not responsible for injuries thereafter received by him from an independent source, or for his safe passage from the car to the sidewalk.

2. It is not the duty of a conductor or motorman to warn discharging passengers, prior to alighting at a regular stop in a city street, of the danger of approaching automobiles and the failure of a motorman to so warn such a passenger will not render the company liable for injuries caused by the discharged passenger being struck by a passing automobile after alighting in safety upon the street."

This case was affirmed by the Supreme Court of Ohio in **107 Oh St 528.**

It is urged that any warning by the conductor of the motor coach would have been superfluous inasmuch as the opening statement of plaintiff's counsel shows that the plaintiff herself looked before she left the motor coach to see what the traffic situation was.

In **Railway Company v Leedy, 104 Oh St 487,** it was held that in such a situation it was a question for the jury whether or not plaintiff was guilty of contributory negligence in not looking before alighting at a regular stop made by the carrier. Also see case of **Cleveland Railway Co. v Sebesta, 121 Oh St 26.**

An examination of the various cases discloses that there is a distinction between the rule applicable in the operation of a street car which runs upon a fixed track and is stopped at a regular stop and the rule which is applied to the operation of a motor bus which is not operated upon a fixed track, where the driver has some choice as to whether he will stop and open the door for passengers to alight.

The opening statement of counsel states it as a fact that the motor bus was stopped in the middle of the street and not at the regular stop at the curb approximately 100 feet away from the middle of the intersection. It also asserts that plaintiff looked before she alighted to see whether there was on-coming traffic.

The duty of the carrier to discharge a passenger at his destination in a safe manner and at a safe place is not disputed. Applying it to the case at bar we are of the opinion that it becomes a question of fact under the particular circumstances of the case, as to whether the duty was fully discharged toward plaintiff who was a passenger. Likewise the question of contributory negligence on the part of the plaintiff if it arises under the statement of counsel, also becomes a question for the determination of the jury under the particular facts of the case.

We are of the opinion that the Common Pleas Court erred in granting the motion of defendant and in entering judgment upon said motion.

The judgment is reversed and the cause

remanded for further proceedings according to law.

WEYGANDT and VICKERY, JJ, concur.